JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Naimah Mapp
Philadelphia, PA 19129

**DEFENDANTS**
Community Council Health
4900 Wyalusing Ave
Philadelphia, PA 19131

(b) County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Scott K. Johnson, THE LAW OFFICES OF ERIC A. SHORE
2 Penn Center, 1500 JFK Blvd Suite 1240, Philadelphia, PA 19102
(267) 546-0124

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 12101 et seq and 29 U.S.C. § 2601 et seq
Brief description of cause:
Wrongful Termination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*
JUDGE _____
DOCKET NUMBER _____

DATE 5/9/18
SIGNATURE OF ATTORNEY OF RECORD   /s/ Scott K. Johnson

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Philadelphia, PA 19129

Address of Defendant: 4900 Wyalusing Ave, Philadelphia, PA 19131

Place of Accident, Incident or Transaction: 4900 Wyalusing Ave, Philadelphia, PA 19131
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☑

Does this case involve multidistrict litigation possibilities?    Yes☐   No☐
RELATED CASE, IF ANY:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify) _____
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, Scott K. Johnson, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/9/18   _____[signature]_____   PA 85024
              Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   PA 85024
                      Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Naimah Mapp | : | CIVIL ACTION |
| v. | : | |
| Community Council Health System, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

| | | |
|---|---|---|
| 5/9/18 | Scott K. Johnson | Naimah Mapp |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 546-0124 | (215) 944-6124 | scottj@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAIMAH MAPP, | : |
| Plaintiff, | : **JURY DEMANDED** |
| v. | : Civil Action No.: _____ |
| COMMUNITY COUNCIL HEALTH SYSTEM, INC., | : |
| Defendant. | : |

## CIVIL ACTION COMPLAINT

### I. PARTIES AND JURISDICTION

1. Plaintiff, Naimah Mapp ("Plaintiff" or "Mapp") is an adult individual residing in Philadelphia, Pennsylvania.

2. Defendant, Community Council Health System, Inc. ("Defendant" or "CCHS") is a domestic non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania and a principal place of business at 4900 Wyalusing Avenue, Philadelphia, Pennsylvania.

3. At all times material hereto, Defendant employed Plaintiff at its Philadelphia, Pennsylvania, address as set forth above and qualified as Plaintiff's employer under the Americans with Disabilities Act, the Family and Medical Leave Act and the Pennsylvania Human Relations Act ("PHRA").

1

4. Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to the Americans with Disabilities Act, the Family and Medical Leave Act, the Pennsylvania Human Relations Act and applicable federal and state law.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## II. FACTS

9. On March 1, 2013, Defendant CCHS hired Plaintiff Ms. Mapp as a Site Supervisor at its Wyalusing location in Philadelphia, Pennsylvania.

10. On March 13, 2017, Mapp broke her right ankle in an injury that occurred outside of work.

11. On March 14, 2017, the day following her injury, Ms. Mapp called and notified her supervisor, Ms. Natasha Jones, that she broke her ankle and would be out of work.

12. Ms. Jones told Ms. Mapp to access and to complete CCHS's applications for FMLA leave and company-sponsored short-term disability insurance.

13. Ms. Mapp completed the Family and Medical Leave Act ("FMLA") leave and disability insurance applications and had her physician sign them on March 31, 2017.

14. Ms. Mapp's physician ordered her off of work for three to four months, starting March 29, 2017, to allow time for her injured right ankle to heal.

15. On April 3, 2017, Ms. Mapp had surgery on her right ankle where the surgeon placed two plates and screws in her joint.

16. On the same day as her surgery, Ms. Mapp submitted additional FMLA leave paperwork to Ms. Tasha Toomer, CCHS's Human Resources Representative.

17. On June 1, 2017, Ms. Mapp had a follow-up visit with her surgeon and her cast was taken off, and she received an orthopedic boot. During that visit, Ms. Mapp's surgeon gave her a note stating that she should not return to in-classroom work until after the surgeon could re-evaluate her ankle for its progress in healing. The re-evaluation would occur for another six weeks (*i.e.*, until approximately the week of July 17, 2017). During this six week period, Ms. Mapp was available to work, but restricted from performing in-classroom work.

18. On or about June 5, 2017, Ms. Mapp telephoned Ms. Jones and told her that her surgeon had extended her disability for approximately six more weeks, until around July 17, 2018. Ms. Jones responded that the six-week extension was acceptable to her. Also, Ms. Mapp told Ms. Jones that she would like to return to work to perform light-duty work assignments at CCHS's headquarters (*i.e.*, a non-classroom assignment).

19. Ms. Jones acknowledged her request for a light-duty job but did not, in fact, provide Ms. Mapp with any light-duty assignment work.

20. On June 6, 2017, Ms. Mapp submitted her June 1, 2017, doctor's note during an in-person visit to Ms. Tommer, CCHS's Human Resources Representative. Ms. Toomer took Ms. Mapp's medical documentation from her, and she left the CCHS's human resources office without further discussion.

21. On July 17, 2017. Ms. Mapp had a follow-up visit with her surgeon and was released her to return to work without any restrictions.

22. On August 15, 2017, Ms. Mapp visited CCHS's human resources office to meet with again with Ms. Toomer about the upcoming school year. At this meeting, Ms. Toomer informed Ms. Mapp that CCHS's had terminated her employment on June 30, 2017. Ms. Toomer told Ms. Mapp that the reason for her termination was her alleged "lack of communication about her disability status."

23. The meeting on August 15, 2017, was the first time that Ms. Mapp learned that CCHS's terminated her employment terminated on June 30, 2017. Upon information and belief, at no point had CCHS's sent Ms. Mapp any communications indicating that it was terminating her employment or that her employment was in jeopardy for an alleged "lack of communication about her disability status."

24. Ms. Mapp had conscientiously endeavored to keep CCHS informed of her recovery from the right ankle injury. In fact, she spoke on the phone with her supervisor on June 1, 2017, and met in-person with the human resources representative on June 6, 2017. In spite of these efforts, CCHS's terminated her employment on June 30, 2017, without explanation, warning, or notification of an alleged "lack of communication."

25. During her August 15, 2017, meeting with Ms. Toomer, Ms. Mapp told Ms. Toomer that she had been in constant communication with her supervisor, Ms. Jones, in regards to her disability status. Nevertheless, CCHS refused to rescind its termination of Ms. Mapp's employment.

26. On March 1, 2013, Defendant CCHS hired Plaintiff Ms. Mapp as a Site Supervisor at its Wyalusing location in Philadelphia, Pennsylvania.

27. On March 13, 2017, Mapp broke her right ankle in an injury that occurred outside of work.

28. On March 14, 2017, the day following her injury, Ms. Mapp called and notified her supervisor, Ms. Natasha Jones, that she broke her ankle and would be out of work.

29. Ms. Jones told Ms. Mapp to access and to complete CCHS's applications for FMLA leave and company-sponsored short-term disability insurance.

30. Ms. Mapp completed the FMLA leave and disability insurance applications and had her physician sign them on March 31, 2017.

31. Ms. Mapp's physician ordered her off of work for three to four months, starting March 29, 2017, to allow time for her injured right ankle to heal.

32. On April 3, 2017, Ms. Mapp had surgery on her right ankle and she received two plates and screws placed in her ankle.

33. On the same day as her surgery, Ms. Mapp submitted additional FMLA leave paperwork to Ms. Tasha Toomer, CCHS's Human Resources Representative.

34. On June 1, 2017, Ms. Mapp had a follow up visit with her surgeon and her cast was taken off and she received an orthopedic boot. During that visit Ms. Mapp's surgeon gave her a note stating that she should not return to in-classroom work until

5

after her ankle was re-evaluated for its progress in healing. The re-evaluation would occur for another six weeks (*i.e.*, until approximately the week of July 17, 2017). During this six week time period, Ms. Mapp was available to work, but restricted from performing in-classroom work.

35. On or about June 5, 2017, Ms. Mapp telephoned Ms. Jones, and told her that her surgeon had extended her disability for approximately 6 more weeks, until approximately July 17, 2018. Ms. Jones responded that the six-week extension was acceptable to her. In addition, Ms. Mapp told Ms. Jones that she would like to return to work to perform light-duty work assignments at CCHS's headquarters (*i.e.*, a non-classroom assignment). Defendant could have accommodated Ms. Mapp with light-duty work, subject to the surgeon's restrictions that would have permitted to perform the essential functions of her job.

36. Ms. Jones acknowledged her request for a light-duty assignment but did not, in fact, provide Ms. Mapp with any light-duty assignment work.

37. On June 6, 2017, Ms. Mapp submitted her June 1, 2017, doctor's note during an in-person visit to Ms. Tommer, CCHS's Human Resources Representative. Ms. Toomer took Ms. Mapp's medical documentation from her and she left the CCHS's human resources office.

38. On July 17, 2017. Ms. Mapp had a follow up visit with her surgeon and was released her to return to work without any restrictions.

39. On August 15, 2017, Ms. Mapp visited CCHS's human resources office to meet with again with Ms. Toomer about the upcoming school year. At this meeting, Ms. Toomer informed Ms. Mapp that CCHS's had terminated her employment on June 30,

6

2017. Ms. Toomer told Ms. Mapp that the reason for her termination was her alleged "lack of communication about her disability status."

40. The meeting on August 15, 2017, was the first time that Ms. Mapp learned that her employment had been terminated on June 30, 2017. Upon information and belief, at no point had CCHS's sent Ms. Mapp any communications indicating that her employment had been terminated or that that her employment was in jeopardy for an alleged "lack of communication about her disability status."

41. Ms. Mapp had conscientiously endeavored to keep CCHS informed of her recovery from right ankle injury. In fact, she spoke on the phone with her supervisor on June 1, 2017, and met in-person with the human resources representative on June 6, 2017. In spite of these efforts, CCHS's terminated her employment on June 30, 2017, without explanation, warning, or notification of an alleged "lack of communication."

42. During the August 15, 2017, meeting with Ms. Toomer, Ms. Mapp plainly told Ms. Toomer that she had been in constant communication with her supervisor, Ms. Jones, in regards to her disability status. Nevertheless, CCHS refused to rescind its termination of Ms. Mapp's employment.

43 Defendant refused to engage in a meaningful back and forth with Ms. Mapp towards a reasonable accommodation of her medical condition and, instead, ignoring her request for a light-duty work assignment and terminating her employment on June 30, 2017.

44. Defendant failed to accommodate Plaintiff in violation of the Americans with Disabilities Act.

45. At all times material, Defendant was hostile to Plaintiff's disability and her need to utilize FMLA time.

46. As a direct and proximate result of Defendant's conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, lost wages, as well as emotional distress, humiliation, pain and suffering and other damages as described below.

### III. CAUSES OF ACTION

### COUNT I – AMERICANS WITH DISABILITIES ACT TITLE I CLAIM (42 U.S.C.A. § 12101 *et seq.*)

47. Plaintiff incorporates paragraphs 1-46 as if fully set forth at length herein.

48. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, an employer may not discriminate against an employee based on a disability.

49. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

50. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

51. At all times material hereto, Plaintiff had a qualified disability, as described above.

52. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

53. Defendant failed to engage in a meaningful back and forth discussion after Plaintiff requested an accommodation for her disability.

54. Defendant failed to reasonably accommodate Plaintiff's disability.

55. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, lost benefits, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning capacity and a claim is made therefore.

56. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

57. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, Plaintiff demands attorneys fees and court costs.

### COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (43 P.S. § 955)

58. Plaintiff incorporates paragraphs 1-57 as if fully set forth at length herein.

59. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, an employer may not discriminate against an employee based on a disability.

60. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

61. Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*